**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO. 6:18-cv-1765-Orl-28TBS**

MOOG MARKETING, INC.,

    Plaintiff,

vs.

TD BANK, NATIONAL ASSOCIATION,

    Defendant.
_____/

## AMENDED COMPLAINT FOR DAMAGES

Plaintiff, MOOG MARKETING, INC. ("**Moog Marketing**"), sues Defendant, TD BANK, NATIONAL ASSOCIATION ("**TD Bank**"), and states:

### THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff Moog Marketing is a Florida corporation with its principal place of business in Volusia County, Florida.

2. Defendant TD Bank is an American national bank and a subsidiary of Toronto-Dominion Bank. TD Bank provides a diverse range of banking services in multiple states, including Florida. At all relevant times, TD Bank had branches located in Volusia County, Florida, and providing banking services to Moog Marketing in Volusia County, Florida.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b) because it is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

5. All conditions precedent to bringing this action have occurred, have been excused or have been waived.

## GENERAL ALLEGATIONS

6. Moog Marketing is a fresh produce brokerage firm that buys large quantities of produce and ships to food service distributors, retail distribution centers and to processing facilities, as well as large wholesale houses on the big produce terminal markets. Moog Marketing has been in business since 2002.

7. Since its inception, Moog Marketing has always maintained its bank accounts at the same branch located at 1212 Providence Blvd., Deltona, FL 32725 (the "**Branch**"); first when the Branch was Riverside National Bank of Florida, and then afterwards when it became Defendant TD Bank.

8. Sarah Truett f/k/a Sarah Moog ("**Ms. Truett**") is the President of Moog Marketing. Ms. Truett is well known at the Branch having banked there for over a decade.

9. As a customer of the bank, TD Bank owed Moog Marketing a duty to, among other things, keep Moog Marketing's account information private and confidential, and to make sure that it was not shared without Moog Marketing's express authorization.

10. Indeed, Florida Statutes Section 655.059(2)(b) expressly provides that the books and records pertaining to the deposit accounts of depositors (*i.e.,* Moog Marketing) shall be kept confidential by the financial institution and its employees (*i.e.*, TD Bank) and may not be released except upon express authorization of the account holder.

11. TD Bank, exhibiting a conscious, grossly negligent and/or reckless disregard for the duties it owed to Moog Marketing and the express instructions it received from Moog

Marketing, failed to keep Moog Marketing's account information private and confidential as required by applicable law.

12. On January 26, 2018, Ms. Truett went to the Branch, where she met with TD Bank Branch representative Clayton Achterberg. Ms. Truett explained to Mr. Achterberg that Kenneth Truett ("**Mr. Truett**") was no longer with Moog Marketing and needed to be removed from all Moog Marketing accounts with TD Bank. That is, she no longer wanted him to be a signer on the accounts and no longer wanted him to have access to Moog Marketing's account information. At that time, Mr. Truett had been a signer on the accounts.

13. TD Bank informed Ms. Truett that to remove Mr. Truett from Moog Marketing's accounts she needed to sign a Business Account Maintenance document. The document she was asked to sign reflects that she was "Updating Authorized Signer(s)." Consistent with TD Bank's instructions, Ms. Truett signed the document at the TD Bank Branch on January 26, 2018. (A copy of the Business Account Maintenance document signed by Ms. Truett is attached hereto as Exhibit "A").

14. Days later, on February 1, 2018, Ms. Truett received a call from another TD Bank representative at the Branch who said Ms. Truett needed to sign additional paperwork to remove Mr. Truett from Moog Marketing's accounts at TD Bank. Ms. Truett went bank to the TD Bank Branch that day and signed a revised signature card listing herself as the only signer on the Moog Marketing accounts – *i.e.*, removing Mr. Truett as a signer on the accounts. (A copy of the General Business Resolution signed by Ms. Truett is attached hereto as Exhibit "B").

15. Based on her specific request to TD Bank and the documentation TD Bank made Ms. Truett sign to effectuate the removal of Mr. Truett from the Moog Marketing accounts, Ms. Truett believed that Mr. Truett had now been removed from all Moog Marketing accounts at TD

Bank and would no longer have any access to Moog Marketing's confidential bank records or other confidential account information at TD Bank.

16. Several months later, however, Ms. Truett came to learn during a telephone call with TD Bank's online banking support that Mr. Truett still was a signer on the Moog Marketing accounts, with full access to all of Moog Marketing's private and confidential bank records.

17. In other words, TD Bank had consciously, grossly negligently and/or recklessly disregarded or otherwise willfully ignored Moog Marketing's clear instructions (and the documentation TD Bank had her sign) by failing to remove Mr. Truett from the Moog Marketing accounts as specifically requested by Ms. Truett and promised by TD Bank.

18. And, as Ms. Truett came to learn, TD Bank had actually allowed Mr. Truett access to the accounts *after* he was no longer supposed to be able to do so. TD Bank willfully and/or grossly negligently failed to keep Moog Marketing's account records confidential and released confidential account information without Moog Marketing's express authorization—in fact, in direct contravention of Moog Marketing's express instructions that Mr. Truett was *not* authorized to have access to Moog Marketing's account information.

19. Specifically, on or about March 13, 2018, Mr. Truett went to the Branch and Barbara C. Smith, then the TD Bank Assistant Branch Manager, provided Mr. Truett with all of Moog Marketing's business checking statements for 2017.

20. After TD Bank improperly provided Mr. Truett with copies of Moog Marketing's confidential bank records (in breach of statutory and common law duties owed to its customer and in direct contravention of the express instructions it received from Moog Marketing), Mr. Truett used this information to attempt to extort Ms. Truett and Moog Marketing, as Ms. Truett feared he might. When Ms. Truett refused to give in to his demands, Mr. Truett contacted Moog Marketing's

three largest customers and shared with them certain private and confidential financial information that he received solely as a result of TD Bank's unlawful and unauthorized disclosures to him.

21. TD Bank's unlawful and wholly unauthorized disclosure of Moog Marketing's confidential bank records to Mr. Truett practically destroyed Moog Marketing's business.

22. Essentially overnight, Moog Marketing went from a business that, for many years, consistently earned gross revenues of approximately $2,500,000.00 per year and gross profits of at least $400,000 per year, to basically out of business.

23. But for TD Bank's negligence, gross negligence and/or willful misconduct, this never would have happened. Ms. Truett had made it perfectly clear to TD Bank that Mr. Truett was to be removed from all Moog Marketing accounts. And, TD Bank supposedly had Ms. Truett sign the documentation necessary to remove Mr. Truett from the Moog Marketing accounts. Yet, TD Bank blatantly ignored its customer's instructions.

24. As a direct and proximate result of TD Bank's gross misconduct, Moog Marketing has suffered and will continue to suffer substantial damages, including lost profits.

## COUNT I
### (Negligence)

Moog Marketing reasserts and realleges the allegations in paragraphs 1 through 24 above as if fully set forth herein.

25. TD Bank had and owed a duty to its customer, Moog Marketing, to keep Moog Marketing's account information private and confidential and to prevent it from being accessed, disclosed and misused by others, including, in particular, Mr. Truett, who Moog Marketing had specifically asked to have removed from the accounts. TD Bank also had and owed a duty to Moog Marketing to honor Moog Marketing's request that Mr. Truett no longer have access or signature authority on Moog Marketing's accounts.

5

26. TD Bank, by and through its agents and employees, breached duties due and owing to Moog Marketing by, among other things: (i) failing to keep Moog Marketing's account information and bank records private and confidential; (ii) failing to properly honor and effectuate Moog Marketing's request that Mr. Truett no longer have access to or signature authority on Moog Marketing's bank accounts at TD Bank; (iii) failing to prevent Moog Marketing's private and confidential bank information from being accessed, disclosed and misused by others, including, in particular, Mr. Truett; (iv) allowing Mr. Truett access to Moog Marketing's private and confidential account information despite promising Moog Marketing that Mr. Truett would be removed from the accounts; and (v) disclosing Moog Marketing's private and confidential account information without Moog Marketing's written authorization in violation of, among other things, Fla. Stat. § 655.059.

27. As a direct and proximate cause TD Bank's negligence, Moog Marketing has suffered and will continue to suffer actual and special damages, including, without limitation, lost profits.

**WHEREFORE,** Plaintiff Moog Marketing demands judgment against Defendant TD Bank, N.A., for damages, including special damages, interest, costs and such other and further relief as the Court deems just and proper. Moog Marketing reserves the right to seek amendment to assert a claim for punitive damages under Florida law.

### COUNT II
### (Gross Negligence)

Moog Marketing reasserts and realleges the allegations in paragraphs 1 through 24 above as if fully set forth herein.

28. TD Bank had and owed a duty to its customer, Moog Marketing, to keep Moog Marketing's account information private and confidential and to prevent it from being accessed,

disclosed and misused by others, including, in particular, Mr. Truett, who Moog Marketing had specifically asked to have removed from the accounts. TD Bank also had and owed a duty to Moog Marketing to honor Moog Marketing's request that Mr. Truett no longer have access or signature authority on Moog Marketing's accounts.

29. TD Bank, by and through its agents and employees, exhibited a conscious, grossly negligent and/or willful disregard for its duties due and owing to Moog Marketing by, among other things: (i) willfully ignoring and/or consciously disregarding Moog Marketing's express instructions that Mr. Truett no longer have access to or signature authority on Moog Marketing's bank accounts at TD Bank; (ii) willfully ignoring and/or consciously disregarding Florida law requiring Moog Marketing's account information and bank records to be kept private and confidential; (iii) willfully and/or grossly negligently failing to prevent Moog Marketing's private and confidential bank information from being accessed, disclosed and misused by others, including, in particular, Mr. Truett, despite clear instructions from Ms. Truett that she was in the process of divorcing Mr. Truett and that he was no longer to have access to such information; (iv) grossly negligently and/or willfully allowing Mr. Truett access to Moog Marketing's private and confidential account information despite promising Moog Marketing that Mr. Truett would be removed from the accounts; (v) consciously disregarding the consequences of allowing Mr. Truett to have access to Moog Marketing's private and confidential account information after receiving clear instructions from Ms. Truett that he was no longer to be an authorized signer on Moog Marketing's accounts; and (vi) grossly negligently disclosing Moog Marketing's private and confidential account information without Moog Marketing's written authorization in violation of, among other things, Fla. Stat. § 655.059.

7

30. As a direct and proximate cause of TD Bank's gross negligence, Moog Marketing has suffered and will continue to suffer actual and special damages, including, without limitation, lost profits.

**WHEREFORE,** Plaintiff Moog Marketing demands judgment against Defendant TD Bank, N.A., for damages, including special damages, interest, costs and such other and further relief as the Court deems just and proper. Moog Marketing reserves the right to seek amendment to assert a claim for punitive damages under Florida law.

          Respectfully submitted,

          ALHALEL LAW
          *Counsel for Plaintiff Moog Marketing, Inc.*
          1 SE 3rd Avenue, Suite 1920
          Miami, Florida 33131
          Telephone: (305) 563-9060
          Email: Josh@Alhalel-Law.com

          By: /s/ Joshua R. Alhalel
              Joshua R. Alhalel, Esq.
              Florida Bar No. 0016320

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2018, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          By: /s/ Joshua R. Alhalel
              Joshua R. Alhalel

## SERVICE LIST

*Moog Marketing, Inc. v. TD Bank, N.A.*
**CASE NO. 6:18-cv-1765-Orl-28TBS**
**United States District Court Middle District of Florida**

Morgan L. Swing, Esq.
DUANE MORRIS LLP
201 South Biscayne Blvd., Suite 3400
Miami, FL 33131
Email: MLSwing@duanemorris.com
*Counsel for Defendant TD Bank, N.A.*

Ryan E. Borneman, Esq.
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Email: REBorneman@duanemorris.com
*Counsel for Defendant TD Bank, N.A.*

# EXHIBIT "A"

**TD Bank**

## BUSINESS ACCOUNT MAINTENANCE

REGION: East Central Florida (25)    RC #: 3351    ACCOUNT NUMBER: ▓▓▓▓▓    IM

BANK REPRESENTATIVE: Clayton J Achterberg    DATE FORM PRINTED: 01/26/2018

BUSINESS TYPE: Corporation     ADD'L ACCOUNT*: ▓▓▓▓▓
STATUS: Updating Authorized Signer(s)     ADD'L ACCOUNT*: 

\* Must have the same titling; if not a separate form must be completed.

BUSINESS NAME / MAILING ADDRESS:    TIN:

MOOG Marketing Inc

LEGAL ADDRESS: (No PO Boxes)
1515 Saddle Run Dr
Osteen FL 32764
BUSINESS PHONE: (407) 324-3313

☒ Updated Business Documentation Obtained (ATTACH TO FORM): Certificate of Good Standing & Resolution

### IMPORTANT INFORMATION

Federal law requires all financial institutions to obtain, verify and record information that identifies each person who opens an account.

If you, the undersigned, as authorized representative(s) of the business named above (the "Accountholder") are personally liable for the Accountholder's obligations with respect to the account (such as the Accountholder's principal(s), owner(s) or guarantor(s)), you hereby authorize the Bank to, from time to time, request consumer reports containing references about you from third parties, such as a consumer reporting agency, in connection with opening and maintaining the account. If TD Bank, N.A. (the "Bank") declines or is otherwise unable to open a deposit account as a result of any information contained in such consumer report(s), the Bank will provide such notice containing data regarding the consumer reporting agency as required by applicable law.

This section does not apply to U.S. non-resident aliens. Under penalty of perjury, you, the undersigned certify that:

1. The number shown on this form is the Accountholder's correct taxpayer identification number (or the Accountholder is waiting for a number to be issued to the Accountholder); and
2. The Accountholder is not subject to backup withholding because: (a) the Accountholder is exempt from backup withholding, or (b) the Accountholder has not been notified by the Internal Revenue Service (IRS) that the Accountholder is subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified the Accountholder that the Accountholder is no longer subject to backup withholding; and
3. The Accountholder is a U.S. person (including a U.S. resident alien); and
4. The Foreign Account Tax Compliance Act (FATCA) code entered on this form (if any) indicating that the payee is exempt from FATCA reporting, is correct.

Certification Instructions. You must cross out item 2 above if the Accountholder has been notified by the IRS that the Accountholder is currently subject to backup withholding because the Accountholder has failed to report all interest and dividends on the Accountholder's tax return or for any other reason. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide the Accountholder's correct TIN.

The Internal Revenue Service does not require your or the Accountholder's consent to any provision of this document other than the certifications required to avoid backup withholding.

**Relationship Consent**
☐ By checking this box and signing below, you, _____, authorize the Bank to use the balance from _____ (last 4 digits of account number), your personal checking account to meet the balance requirement on the Accountholder's Business Convenience Checking Plus or Business Premier Checking account. See Business Deposit Account Agreement for details.

Authorized Representative(s)/Signers:

_[signature: Sarah Truett]_

Signature
Printed Name: Sarah Truett

07/13/1961
Date of Birth     TIN: ▓▓▓▓▓
Verification: Verification Completed
If Existing Personal Customer, Enter the RM Number: _____
Date Signed: _____

Signature
Printed Name: _____
Date of Birth     TIN: _____
Verification: Select
If Existing Personal Customer, Enter the RM Number: _____
Date Signed: _____

Signature
Printed Name: _____
Date of Birth     TIN: _____
Verification: Select
If Existing Personal Customer, Enter the RM Number: _____
Date Signed: _____

Signature
Printed Name: _____
Date of Birth     TIN: _____
Verification: Select
If Existing Personal Customer, Enter the RM Number: _____
Date Signed: _____

Rev. 09/2016 | TD Bank, N.A.     Instructions for Store Team Members: Scan and email to Account.AMCB CIF Account Maintenance Docs

# EXHIBIT "B"

**Bank**
America's Most Convenient Bank®

**GENERAL BUSINESS RESOLUTION**

☒ Corporation ☐ Limited Liability Co (LLC) ☐ Partnership ☐ Unincorporated Association ☐ Sole Proprietor

| Business Name (Including DBA if Applicable) | Address |
|---|---|
| MOOG Marketing Inc | 1515 Saddle Run Dr, Osteen Fl 32764 |

RESOLVED, that the Financial Institution named above, at any one or more of its offices or branches, be and it hereby is designated as a Financial Institution of and depository for the funds of this Business, which may be withdrawn on checks, drafts, advices of debit, notes or other orders for the payment of monies (including electronic orders) bearing the signature of, or as otherwise authorized by, any one (1) of the following officers, employees, members or agents of this Business ("Agents"), whose actual signatures are shown below:

| Print Name | Signature |
|---|---|
| Sarah Truett | X *Sarah D. Truett* |
|  | X |
|  | X |
|  | X |
|  | X |
|  | X |

FURTHER RESOLVED, that the depositor agrees to be bound by the terms of the applicable Deposit Account Agreement(s), as may be revised or amended from time to time.

FURTHER RESOLVED, that the Financial Institution may honor all such checks and other instruments for the payment or delivery of money or property when signed as authorized above, regardless of amount, including any payable to the Financial Institution or to any signor or other officer or employees of the corporation or to cash or bearer, and may receive the same in payment of or as security for the personal indebtedness of any signor or other officer or employee or other person to the Financial Institution or in any transaction whether or not known to be for the personal benefit of any such person, without inquiry as to the circumstances of their issue or the disposition of their proceeds, and without liability to the Financial Institution, and with obligation upon the Financial Institution to inquire whether the same be drawn or required for the corporation's business or benefit.

FURTHER RESOLVED, that any one (1) of such Agents is authorized to endorse all checks, drafts, notes and other items payable to or owned by this Business for deposit with the Financial Institution, or for collection or discount by the Financial Institution, and to accept drafts and other items payable at the Financial Institution.

FURTHER RESOLVED, that the Bank is authorized to conduct Debit Card/ATM Card transactions in accordance with Financial Institution's Visa Debit Card Application and Agreement for Businesses.

FURTHER RESOLVED, that the above named agents are authorized and empowered to execute such other agreements, including, but not limited to, special depository agreements and arrangements regarding the manner, conditions or purposes for which funds, checks or items of the Business may be deposited, collected, or withdrawn and to perform such other acts as they deem reasonably necessary to carry out the provisions of these resolutions.

FURTHER RESOLVED, that the authority hereby conferred upon the above named Agents shall be and remains in full force and effect until written notice of the revocation thereof shall have been delivered to and received by the Financial Institution at the location where an account is maintained and Financial Institution has had a reasonable period of time to act upon such notice.

I HEREBY CERTIFY, that the Agents, whose names and signature appear above, are hereby authorized to open and maintain a deposit account or accounts of the Business with the Financial Institution, subject to the terms and conditions in the applicable Account agreement(s), as may be amended from time to time.

I FURTHER CERTIFY that the persons named above occupy the positions set forth opposite their respective names and signatures; that the foregoing resolutions now stand of record on the books of the Business; that they are in full force and effect and have not been modified in any manner whatsoever.

For Corporations, in case the Secretary or other certifying officer is designated by the foregoing resolutions as one of the signing officers, this certificate should also be signed by a second Officer or Director of the Corporation.

| Sarah Truett | X *Sarah D. Truett* |
|---|---|
| Print Name | Signature |
| Owner | 2/1/18 |
| Title | Date |

Rev. 01/2014 | TD Bank, N.A.