# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MOOG MARKETING, INC.,

    Plaintiff,

v.

Case No: 6:18-cv-1765-Orl-28TBS

TD BANK, NATIONAL ASSOCIATION,

    Defendant.

## ORDER

In its two-count Amended Complaint (Doc. 15), Plaintiff Moog Marketing, Inc. (Moog) alleges that Defendant TD Bank, National Association (TD) divulged Moog's confidential account information to a former account signatory. Moog alleges that TD's behavior constitutes negligence and gross negligence. (See id. at 5–6). TD now moves to dismiss Count I—the negligence count—arguing that a binding deposit agreement forecloses that claim.[1] (See Doc. 22). Though Moog did not attach the deposit agreement to the Amended Complaint, TD argues that the Court may consider it at this stage because it was properly incorporated by reference. (See id. at 5–6). Moog opposes the motion, arguing that the Court cannot consider whether the deposit agreement bars Moog's negligence claim because the agreement is neither part of the Amended Complaint nor properly incorporated into it by reference. (See Doc. 24 at 2–3). The Court agrees with Moog and denies TD's motion.

---

[1] TD seeks dismissal of only the negligence claim because it concedes that the deposit agreement does not govern claims for gross negligence.

Generally, a district court in the Eleventh Circuit must "convert a [Rule 12(b)(6)] motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." Day v. Taylor, 400 F.3d 1272, 1275–76 (11th Cir. 2005) (citation omitted). However, exhibits attached to a complaint can be considered with the complaint at the motion-to-dismiss stage. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Moreover, the "incorporation by reference" doctrine allows courts to consider documents referenced in a complaint at the motion-to-dismiss stage. See Thaeter v. Palm Beach Cty. Sheriff's Office, 449 F.3d 1342, 1352 n.7 (11th Cir. 2006). A "document attached to a motion to dismiss may [also] be considered by the court without converting the motion into one for summary judgment . . . if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed."[2] Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).

TD's argument that the deposit agreement should be incorporated by reference into Moog's Amended Complaint is unpersuasive. Documents not physically attached to a complaint may be incorporated by reference only if "the document's contents are alleged in [the] *complaint*." Day, 400 F.3d at 1276 (emphasis added); see also Jordan v. Miami-Dade Cty., 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006) ("On a motion to dismiss, the [c]ourt may consider documents attached to the [c]omplaint or *directly referred to in the [c]omplaint*.") (emphasis added). And a document that is referred to in a complaint but not attached thereto may only be considered by a court if the document is undisputed. See Horsley, 304 F.3d at 1134. Here, the deposit agreement is neither mentioned in, nor

---

[2] In this context, undisputed means "that the authenticity of the document is not challenged." Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (citations omitted).

2

attached to, the Amended Complaint.[3] Additionally, Moog disputes the authenticity of the deposit agreement. (See Doc. 24 at 3). The deposit agreement thus cannot be incorporated by reference into Moog's Complaint.

Accordingly, the Court declines to consider the deposit agreement at the motion-to-dismiss stage. Because TD's entire motion to dismiss depends on the evaluation of the terms of the deposit agreement, the motion must fail. TD's Motion to Dismiss Count I of Amended Complaint (Doc. 22) is therefore **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on February 5th, 2019.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[3] Exhibit B, which is attached to the Amended Complaint, contains the sole reference to the alleged deposit agreement. Exhibit B is a standard bank document—titled "General Business Resolution"—listing the authorized signatories to Moog's account. In the fine print of that document, there is a provision stating that "the depositor agrees to be bound by the terms of the applicable Deposit Account Agreement(s), as may be revised or amended from time to time." (See Doc. 15 at 13).

3